## Wm. W. Whitlow et al. v. Trustees of Schools, etc.

1. PRINCIPAL AND SURETY—*Duty of the Principal, etc.*—A school treasurer is required, faithfully to discharge the duties of his office, and the sureties upon his official bond are bound by his official acts as well as by the knowledge he possesses. The treasurer is bound by every legal as well as moral principle to be truthful and honest, and if he obtains credit for moneys he has never paid out, his sureties are to be held as bound by such knowledge in settling his accounts.

Debt, on an official bond. Error to the Circuit Court of Montgomery County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

Zink, Jett & Kinder and Miller & Miller, attorneys for plaintiffs in error.

Lane & Cooper, attorneys for defendants in error.

Mr. Justice Wright delivered the opinion of the court.

Plaintiffs in error, principal and sureties, entered into the statutory obligation required of a school treasurer, by which they undertook, in legal effect, that William W. Whitlow, as such treasurer, would faithfully discharge the duties of his office, among which are, that he would keep certain books, and charge himself in the cash book with all moneys received, and credit himself with all moneys paid out, and that he would deliver to his successor all moneys and other property in his hands as such officer. For the alleged failure on the part of plaintiff in error Whitlock to perform these duties, this suit was brought against himself and the other plaintiffs in error, sureties upon the bond. A jury having been waived, a trial by the court ended in a finding and judgment against plaintiffs in error for $1,832.68, to reverse which this writ of error is prosecuted, and it is argued for error that such finding and judgment are against the evidence of the case, and that the court erred in refusing certain propositions as the law in the decision of the case.

Whitlow had been treasurer for a number of years, and in April, 1898, was succeeded by Clarence H. Ball. In July following, it appeared Whitlow was short in his accounts, and by mutual consent of such persons as were interested, Kiethley was chosen as an accountant to examine the books of Whitlow. While Whitlow administered the office, he kept his account at the bank of Ball, Zimmerman & Co., at Harvel, both private and official items being blended in a private account. When no balance appeared in his favor the bank would sometimes cash the orders, and whether they were then held by the bank against the school fund, or Whitlow personally, was one of the contested issues of fact upon the trial, and which we think the court was warranted by the evidence in finding, as it did, that the bank

cashed the orders and was subrogated to the rights of the
original holders. At the time Kiethley examined the books
the bank held $1,776.81 of such orders, which Whitlow had
taken credit for, some of the credits being as late as May
28, 1898, and after the succession of Ball; and there being
no vouchers on file to justify such credits, Kiethley chal-
lenged them. Whitlow asserted the credits were proper,
the vouchers were at his home, and promised to submit
them to Kiethley, but did not; and so the account was
passed by Kiethley in that condition, and by such action
Whitlow was allowed a credit for $1,776.81 that he never
paid, but which was at a subsequent time paid by his suc-
cessor, Ball, to the bank that held them. By the allowance
of this false credit Kiethley determined the amount due
from Whitlow as treasurer was $3,182.46, and this amount
was paid by his sureties in settlement, and a certificate of
payment thereof into the treasury was given by the trus-
tees, January 4, 1899, in which it is stated that such pay-
ment is in full of the shortage of Whitlow. In the follow-
ing April, a second examination developed the fact of the
false credit taken by Whitlow for $1,776.81. It is insisted
with much earnestness by counsel for appellant, that the
court erred in charging the sureties with this additional
amount, contending, as a principle of law, that, the pre-
vious settlement having been effected under circumstances
in which both parties had equal opportunity to ascertain
the facts, and nothing had been concealed, the settlement
effected and consummated it, and should be binding and
conclusive; and also that the court erred in refusing to hold
the propositions, in substance, to that effect, as the law in
the decision of the case; and numerous authorities are cited
in support of this position. Abstractedly, no doubt the
rule insisted upon is the law, but we are of the opinion it
can have no proper application to the case presented. The
terms of the obligation undertaken by plaintiffs in error,
as well as the law itself, required Whitlow, as treasurer, to
faithfully discharge the duties of his office. The sureties
were bound by his official acts, and by the knowledge he

possessed. He was bound by every legal, as well as moral, principle to be truthful and honest. He obtained credit for moneys he never paid. When the settlement for $3,182.46 was made, he must be held, under the clear weight of the evidence in the case, to a knowledge that he had been credited upon his cash book with moneys he had never paid; the vouchers were not at his home, as he represented to Kiethley, with intention to, and in virtue of which he did obtain the credit; such orders were in the bank, owned by the bank, and this he also knew, and concealed by his silence. Such conduct of Whitlow was indefensible; it was faithless; and by the terms of their obligation plaintiffs in error undertook that the duties of the office would be faithfully discharged. Upon the well established facts in the case there could be no defense to the action. The commonest principles of our jurisprudence, needing no citation of authority in support of them, demanded the finding and judgment that was entered; none other would have been appropriate; and although the court may have erred in some of its rulings upon the evidence and the propositions submitted, such errors, in view of the result demanded, were not prejudicial to the just rights of the plaintiffs in error. Judgment affirmed.